FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN S. WATSON,<br><br>Defendant. | No. 2:23-PO-00156-JAG<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

Defendant was charged with failure to comply with official sign in violation of 41 CFR § 102.74.385 and 18 U.S.C. § 930(g)(2) by amended information. ECF No. 39. On July 11, 2024, the case was tried before the Court. Defendant was present in person and represented by court appointed attorney Stephen Hormel. The United States was represented by legal intern Anna Pearson, supervised by United States Attorney Timothy J. Ohms.

## I.  FINAL PRETRIAL

The Court addressed Defendant's Motion to Exclude, ECF No. 56, and the Government's Notice of 404(b) evidence, ECF No. 42. Defendant had no objection to the proposed 404(b) evidence. The Court ruled evidence of the prior incident involving Officer Ermitano would be admitted. After hearing argument from the parties, the Court granted Defendant's Motion to Exclude, prohibiting admission of the portion of the video showing Defendant leaving the Post Office building. The Court also granted Defendant's oral motion to exclude witnesses from the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

courtroom, but permitted the Government's case agent, Robert Hart, to remain at counsel table.

## II.    TRIAL

1. The United States presented the sworn testimony of three witnesses, Joshua Ermitano, Robert Hart, and Justin Desens.

2. Defendant presented no testimony.

3. Both parties were given the opportunity to cross-examine all witnesses.

4. The Court also admitted into evidence certain documents, photographs, and videos.

5. Both parties having rested, and having considered all of the foregoing evidence, the Court now issues the following Findings of Fact and Conclusions of Law:

## III.    FINDINGS OF FACT

1. On September 13, 2023, Defendant entered the Post Office at 904 West Riverside, in the Eastern District of Washington, where he played loud music on a speaker.

2. Federal Protective Service Officer Joshua Ermitano asked Defendant to reduce the volume on his speaker. Defendant slightly reduced the volume, but grew agitated, and proceeded to leave the Post Office.

3. Officer Ermitano followed Defendant out. While following Defendant out of the Post Office, Officer Ermitano noticed a machete hanging from Defendant's cane.

4. Officer Ermitano informed Defendant he was not allowed to carry a machete in the Post Office as Defendant left the Post Office.

5. Defendant grew upset, as he left the building he swore at Officer Ermitano.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 2

6. The Post Office immediate entry way of the Post Office opens into the 24-hour lobby, a set of doors to the right of a bank of P.O. boxes lead to the 8-hour lobby.

7. Several signs throughout the Post Office clearly prohibit possession of firearms in the building. *See* Exhibits 1, 2, 3, 5, 8, 9, 12, 13, and 15.

8. A sign on the doorway that Defendant necessarily passed through to enter the 8-hour lobby of the Post Office clearly stated, "Firearms and Weapons Prohibited." Exhibits 3 and 5.

9. A little over a week after the encounter with Officer Ermitano, on September 21, 2023, Officer Hart observed Defendant in the 8-hour lobby, apparently awaiting his turn at the counter of the Post Office again in possession of a machete.

10. Upon initial contact with Officer Hart, Defendant told him that the machete was "open carry."

11. Officer Hart told Defendant that the machete was prohibited in a federal facility whether or not it was concealed and inquired whether Defendant had any other weapons on his person.

12. Defendant acknowledged he had a pocketknife in his waistband.

13. Officers arrested Defendant and confiscated his machete and performed a pat down.

14. Officer Hart located a 3.5-inch folding knife in Defendant's waistband.

15. Dangerous weapons include knives with a blade over 2.5 inches.

16. The blade of the machete exceeded one foot.

17. The blade of the pocketknife was approximately 3.5 inches long.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

## IV.    CONCLUSIONS OF LAW

**A.    <u>Jurisdiction.</u>**

1. All conduct with which Defendant is charged occurred on September 21, 2023, at the Federal Post Office in downtown Spokane, which is within the Eastern District of Washington and within the jurisdiction of the Department of Homeland Security.

**B.    <u>Failure to Comply with a Lawful Order/Posted Sign</u>**

1. 41 CFR § 102.74.385 requires compliance with official signs of a "prohibitory, regulatory or directory nature and with the lawful direction of Federal police officers and other authorized individuals."

2. The signs forbidding firearms and weapons in the Post Office are prohibitory signs.

3. Direction from Officer Ermitano constitutes a lawful direction from an authorized individual.

4. A machete is a prohibited dangerous weapon pursuant to 18 U.S.C. § 930(g)(2).

5. The Post Office at 90 4 W Riverside, Spokane, Washington, is a federal facility pursuant to 18 U.S.C. § 930(g)(1).

6. Defendant entered the 8-hour lobby of the Post Office while openly possessing a weapon in violation of the posted sign and directions of Officer Ermitano.

7. The evidence establishes beyond a reasonable doubt that Defendant failed to comply with an official sign.

## V.    VERDICT

1. Based on the foregoing, the Court finds that Defendant Jonathan Watson is **<u>GUILTY</u>** of violating 41 CFR § 102.74.385 and 18 U.S.C. § 930(g)(2).

2. Defendant's oral motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29, is **DENIED**.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

3. Defendant's Motion to Exclude Video Evidence, **ECF No. 56**, is **GRANTED**.

4. Defendant's Motion for Post-Trial Briefing Schedule upon Receipt of the Transcripts of Bench Trial, **EXF No. 60, is GRANTED.**

5. A motion and sentencing hearing shall be held **October 29, 2024, at 9:00 a.m., in Spokane,** Washington.

    a. Post-trial Motions shall be filed no later than **October 1, 2024**.

    b. Responses to motions shall be filed no later than **October 10, 2024.**

    c. Replies, if any, shall be filed no later than **October 16, 2024.**

The District Court Executive shall enter this Findings of Fact and Conclusions of Law and provide copies to counsel.

DATED September 13, 2024.



                            JAMES A. GOEKE
                    UNITED STATES MAGISTRATE JUDGE

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 5