FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 13, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  -vs-<br><br>JONATHAN S. WATSON,<br><br>                Defendant. | No.   2:23-PO-0156-JAG-1<br><br>ORDER ON MOTIONS |

A motion and sentencing hearing was held on October 31, 2024. Defendant was present, represented by Stephen Hormel. Legal Intern Anna Pearson represented the United States, supervised by Timothy Ohms. The Court addressed Defendant's pending motions and imposed a sentence. The imposition of sentence and judgment is filed in a separate document; this order memorializes and decides the pending motions.

I. **DEFENDANT'S MOTION FOR NEW TRIAL UNDER RULE 33 AND TO TAKE ADDITIONAL TESTMONY**

Defendant moves the Court to accept and consider "new evidence" pursuant to Fed. R. Crim. P. 33, and based on that evidence, acquit Defendant. The alleged "new evidence" is a video previously provided to Defendant in discovery. Defendant's counsel does not dispute that the Government timely provided the video in discovery well prior to trial.

To prevail on a Rule 33 motion for new trial based on newly discovered evidence the Defendant must meet a five-factor test set out in Defendant's briefing:

(1)    the evidence must be newly discovered;

ORDER - 1

(2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part;

(3) the evidence must be material to the issues at trial;

(4) the evidence must be neither cumulative nor merely impeaching; and

(5) the evidence must indicate that a new trial would probably result in acquittal.

*United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991).

Again, Defendant's counsel acknowledges that he had in fact viewed the video that is the basis for Defendant's the Rule 33 motion prior to trial (and during the trial). Defendant's counsel, however, now argues that he misperceived the importance (from his perspective) of the video during his pretrial review and during trial. Defendant's counsel contends this somehow qualifies as newly discovered evidence.

The Court disagrees. This is not a difficult question. Defendant's counsel had access to the video prior to trial with more than adequate time to review the roughly half an hour-long video. Under these circumstances, the video cannot qualify as newly discovered evidence. Consequently, Defendant's motion is necessarily denied.

## II. DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

Defendant also moves for a judgment of acquittal on the theory that posted signs only qualify as conspicuous under the relevant federal regulations if posted outside the entrance of the federal building, in this instance the Riverside Post Office. Defendant invites the Court to adopt the reasoning found in the dissenting opinion in a First Circuit case, *United States v. Strong*, to find that the signage at the Post Office was not conspicuous since it was inside the 24-hour lobby. 724

ORDER - 2

F.3d 51, 66 (1st Cir. 2013) (J. Torruella, dissenting). The Court declines Defendant's invitation to rely on an out-of-Circuit dissent.

Rather, the Court finds the signage in the Riverside Post Office was conspicuous in light of where law enforcement encountered Defendant within the 8-hour lobby and the Court also finds Defendant was on actual notice of the prohibition against dangerous weapons, to include machetes, in the Post Office. The Court relies on the plain language of the regulation, the majority opinion in *Strong,* and *United States v. Bichsel*, 395 F.3d 1053 (9th Cir. 2005), wherein the Ninth Circuit instructs that actual notice provides an exception to the conspicuous signage requirement. The Court also incorporates the factual findings and conclusions of law at ECF No. 61, and further notes the following facts: Defendant would have had to pass several signs, placed at or near eye level, prohibiting firearms and dangerous weapons prior to arriving within the 8-hour lobby. At the point within the building that officers encountered Defendant he had passed several conspicuously placed signs banning dangerous weapons. Further, Federal Protective Service Officer Ermitano testified at trial that during a prior visit to the Riverside Post Office by Defendant, Officer Ermitano specifically instructed Defendant that he was not allowed to carry a machete in the Post Office. Accordingly, Defendant was also on actual notice that he could not possess a machete in the Riverside Post Office.

### III.    MISCELLANEOUS MOTIONS

The Court also addressed Defendant's oral motion for return of property, to which the Government did not object, as well as Defendant's oral motion to stay imposition of sentence pending appeal. The Court granted Defendant's motion for return of property. The Court denied Defendant's oral motion to stay imposition of sentence. The sentence of unsupervised probation without imposition of a fine does not greatly impede Defendant's freedom. While not directly applicable to this

ORDER - 3

case, the Court also reviewed the considerations outlined in 18 U.S.C. § 3143(b) and finds immediate imposition of sentence appropriate.

        Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for New Trial Under Rule 33 and to Take Additional Testimony, **ECF No. 63**, is **DENIED**.

2. Defendant's renewed oral motion, and pending Motions for Release of Property, **ECF Nos. 18 & 33,** are **GRANTED.** The Government shall return Defendant's confiscated property.

3. Defendant's Motion for Judgment of Acquittal Pursuant to Rule 29, **ECF No. 66**, is **DENIED.**

4. Defendant's oral motion to stay imposition of sentence upon appeal is **DENIED**.

5. Defendant's *ex parte* Motion to Compel, **ECF No. 25,** is **DENIED AS MOOT**.

6. Defendant's Motion to Set a Post Trial Briefing Schedule Upon Receipt of Transcripts of Bend Trial, **ECF No. 60**, is **DENIED AS MOOT**.

7. Defendant's Motion to Continue Sentencing, **ECF No. 75**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

        DATED November 13, 2024.



                                    _____
                                          JAMES A. GOEKE
                                 UNITED STATES MAGISTRATE JUDGE

ORDER - 4